WILLIAM SCHOLING, as Administrator, etc., of KUNI SCHOLING, Deceased, Respondent, *v.* CHARLES R. O'CONNOR, Appellant.

Third Department, June 19, 1923.

**Motor vehicles — action for death of plaintiff's intestate who was killed by defendant's automobile — intestate was walking on right-hand side of highway when struck by automobile — defendant's chauffeur was blinded by lights of approaching automobile and slackened speed — after striking intestate, automobile was stopped within its length — error to charge that chauffeur was guilty of negligence as matter of law if, after he was unable to see, automobile was not stopped within distance required for stopping it — question of negligence was for jury.**

Plaintiff's intestate, with others, was walking on the right-hand side of a highway at about nine o'clock in the evening, daylight saving time, in the month of August. She was struck and killed by defendant's automobile which was going in the same direction in which the plaintiff was walking. The testimony on behalf of the defendant was to the effect that the automobile shortly before the accident was traveling at about twenty-five miles an hour; that the lights of an automobile which was traveling in the opposite direction were so bright that the occupants of defendant's automobile could not see the road; that defendant's chauffeur reduced the speed to twelve miles an hour and as the two cars passed, defendant's automobile struck the plaintiff, and that the defendant's automobile was stopped within its length after the plaintiff was struck.

*Held*, that it was error to charge the jury that the defendant's chauffeur was guilty of negligence as a matter of law if, after becoming blinded, he did not stop the automobile within the distance required for stopping it.

In view of the evidence on behalf of the defendant that the chauffeur just before he was blinded by the lights of the approaching automobile did not see any person upon the road or upon either side of the road, and in view of the fact that the vision of the chauffeur was blinded for less than a second, it was a question for the jury whether, under the circumstances, and in the emergency presented, the defendant's chauffeur acted with ordinary care in reducing the speed of the automobile instead of stopping it as soon as he was unable to see the road ahead.

APPEAL by the defendant, Charles R. O'Connor, from a judgment of the Supreme Court in favor of the plaintiff, entered in the

office of the clerk of the county of Ulster on the 10th day of November, 1922, upon the verdict of a jury for $9,000, and also from an order entered in said clerk's office on the 24th day of March, 1923, denying defendant's motion for a new trial made upon the minutes.

*O'Connor & Donnellan* [*Walter L. Glenney* and *Charles R. O'Connor* of counsel], for the appellant.

*Lewis Schuldenfrei* [*Herman Kreizvogel* of counsel], for the respondent.

H. T. KELLOGG, Acting P. J.:

The plaintiff was the husband of Kuni Scholing and is now the administrator of her estate. Kuni Scholing was struck by an automobile, owned by the defendant, while walking upon a certain highway, and received such injuries that she died. This action was brought to recover damages resulting from her death.

The witnesses for the plaintiff told the following story: Kuni Scholing was a member of a party of six who were walking upon an improved State highway. The highway for more than a half mile in either direction was unvaryingly straight. The members of the party were strolling along two abreast, near the right-hand edge of the macadam. They were all within fifteen or eighteen feet of one another. Kuni Scholing and one of the men constituted the last of the three couples. It was the evening of August twelfth and the time was about nine o'clock, daylight saving. It was dusk, but sufficiently light to distinguish figures across the highway. The members of the party saw no car approaching from the direction in which they were walking. Of a sudden there was a light from the rear and the entire party was struck down by the car of the defendant which was approaching from behind. When the car had stopped the bodies of two of the women were found underneath the car within the space bounded by its four wheels. They were lying on their backs with their feet towards the front. The third woman of the party was on the edge of the roadway about fifteen feet to the rear of the car. Kuni Scholing was one of the women found under the car and was so badly injured that her death soon after followed.

The story told by the defendant and his witnesses was as follows: The defendant and a friend occupied the rear seat of the defendant's car. They were being driven by an employee of the defendant. The car was traveling at about twenty-five miles an hour. It was sufficiently dark to require the use of headlights and these lights had been turned on. The occupants of the car

46

were looking down the road and no person walking upon the macadam or upon the shoulders of the road was observable. They saw the headlights of a car approaching from the opposite direction. This car rapidly drew near and its lights were blinding. When the two cars were fifty feet apart the lights of the approaching car were so brilliant that the occupants of the defendant's car lost all vision of the road. At this moment the defendant's chauffeur threw on the foot brake and reduced speed to twelve miles an hour. As the two cars passed the occupants of the defendant's car heard a crash and a woman's scream. The chauffeur set his brakes and stopped the car within its length. The bodies of several persons were found upon the road in positions as described by the plaintiff's witnesses.

If the version given by the plaintiff's witnesses was correct then the defendant's chauffeur was at fault either in failing to see the party of pedestrians in time to avoid striking them, or, having thus seen them, in failing to avoid a collision by turning aside or stopping the car. In either case there was negligence for the results of which the defendant was responsible. On the other hand, the version given by the defendant's witnesses did not of necessity absolve him from blame. The defendant's chauffeur, when fifty feet from the approaching car, was so blinded by its headlights that he could see nothing of the road. He did not then make an effort to bring the car to a dead stop but slowing down to twelve miles an hour continued to drive to the point of the accident. Whether his conduct under the circumstances was that of a man of ordinary prudence thus became the determining question of the case.

Counsel for the plaintiff requested the court to charge as follows: " I ask your Honor to charge the jury that if the jury finds that the defendants had timely warning of the approach of another car carrying headlights so brilliant or glaring so as to completely obscure their view of the road ahead, and kept on driving the car through such danger and in face thereof and just took a chance, and without giving or attempting to give warning or signal to any persons who might be in the road ahead and behind such lights, and the killing of Kuni Scholing resulted therefrom, they were guilty of negligence as a matter of law." The court said: " I so charge, with this qualification: If the jury find that the defendant proceeded beyond the distance required for him to stop after his view was completely obscured, and after he could not see, without giving any warning of his approach, and such action resulted in and was the sole and proximate cause of the injury and the death therefrom."

. The court's charge was in substance that the defendant's chauffeur was guilty of negligence *as a matter of law* if after becoming blinded he did not stop the car within the distance required for stopping it. That he did not so stop the car was undisputed. Therefore, the jury were in effect directed by the court to find a verdict for the plaintiff whichever version of the facts they might believe. We do not think that the charge was proper. If, before he became blinded, the chauffeur had seen, as he claimed to have seen, that there were no persons upon the road or upon either side of the road, so that the danger of a collision was negatived, it may not have been negligent for him to proceed upon his journey at reduced speed. Moreover, if the chauffeur had set his brakes to stop the car within " the distance required for him to stop " he might have caused his car to skid in front of the oncoming car, or to be precipitated into the ditch. The blinding light would have lasted for less than a second. It may, therefore, have been the part of wisdom to reduce speed rather than to set the brakes. The question whether under the circumstances and in the emergency presented the defendant's chauffeur acted with ordinary care was clearly a question for the jury. Therefore, the jury were wrongly instructed upon a vital issue and the error calls for reversal.

The judgment and order should be reversed, with costs to abide the event, and a new trial granted.

VAN KIRK, HINMAN and HASBROUCK, JJ., concur.

Judgment and order reversed on the law, and new trial granted, with costs to the appellant to abide the event.