FLORENCE FREIRE, as Administratrix, etc., of KATHERINE M. DONALDSON, Deceased, Appellant, v. OTTO E. KAUPMAN, Respondent.

Second Department, June 15, 1934.

*Irving I. Goldsmith* [*Monroe H. Collenburg* and *Joseph L. Roesch* with him on the brief], for the appellant.

*Jean A. Keller* [*Frederick Mellor* with her on the brief], for the respondent.

HAGARTY, J.  Plaintiff's intestate, Katherine M. Donaldson, was struck and killed by defendant's automobile at about six o'clock in the evening on the 18th of October, 1929, while she was crossing Jericho turnpike, near its intersection with Massachusetts boulevard, in the town of Bellerose.  The scene of the accident is in the business section of the town, and both sides of the highway are lined with stores.  Mrs. Donaldson had made some purchases on the north side of the street and was crossing to the south side. She reached a point on the south side of the macadamized center of the road when she was struck by the defendant's automobile and her body was found on the dirt shoulder.  According to defendant's testimony, he was driving easterly along the southerly side of the macadamized part of the street, between twenty and twenty-five miles an hour, with his headlights lit.  He said that Mrs. Donaldson was directly in front of his right headlight when he first saw her.  The reason given for not seeing her before that time was that he was blinded by the headlight of a car approaching in the opposite direction, which " annoyed and tormented " him. Nevertheless he did not reduce his speed.  In any- event, it would seem that in the exercise of reasonable care defendant should have seen the woman crossing in the glare of both headlights.

We are of opinion that the verdict is contrary to the evidence. We are further of opinion that the defendant's legal obligation, under the circumstances, was not properly presented to the jury. On the authority of *Scholing* v. *O'Connor* (205 App. Div. 720) the court charged the jury: " With respect to the headlights, gentlemen, since reference has been made to it, let me tell you that the rule is this, that if, before the chauffeur became blinded by the headlights of the on-coming automobile, he had seen, and he claimed to have seen there were no persons on the highway ahead of him, so that the danger of hitting a pedestrian was negative, it may not have been negligent for him to proceed upon his journey at reduced speed."

While it may be that the form of the charge left the question of defendant's negligence to the jury, the charge was misleading. In *Scholing* v. *O'Connor* (*supra*) a judgment in favor of the plaintiff was reversed because of error in charging the jury that the defendant's chauffeur was guilty of negligence as a matter of law.  That case is not controlling here for the reason that the accident there

occurred on a dark country road, and, further, because the defendant in that case, driving at the rate of twenty-five miles an hour, reduced his speed to twelve miles an hour when he entered the rays of the headlight of the approaching car. The scene of the accident here was in a populated district and the defendant testified that he continued at the same rate of speed though blinded by the headlight of the on-coming automobile.

The judgment should be reversed and a new trial granted, costs to appellant to abide the event.

YOUNG and DAVIS, JJ., concur; CARSWELL and SCUDDER, JJ., dissent and vote to affirm.

Judgment reversed on the law and the facts and a new trial granted, costs to appellant to abide the event.